WESTERN DIS.
*September*,1841.

MELANCON'S
HEIRS
*vs.*
ROBICHAUD'S
HEIRS.

</div>

---

**MELANCON'S HEIRS *vs.* ROBICHAUD'S HEIRS.**

<div style="text-align: right;">

19L 357
48 992
19L 357
f52 1072

</div>

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

A warrantor in case of eviction of the purchaser, does not owe interest in the same manner as the purchaser who withholds the price of a thing which produces fruits.

The warrantor who is not in possession of the property, is only bound among other obligations to reimburse the purchase money, or a proportion of it; and he owes interest after he is put *in morâ*, or from judicial demand; or if the debt is unliquidated, only from the rendition of judgment.

Fees which parties have to pay to their counsel, for asserting their rights in courts of justice, have never been, nor can they be considered as costs, chargeable to the party cast. It is only taxed costs which a warrantor is bound to reimburse to his vendee,

On the dissolution of injunctions under the statute of 1831, this court has sometimes allowed as damages, the expenses for professional services, which the creditor enjoined has incurred in setting the injunction aside, when improperly obtained.

This case has several times been before this court in various forms, and between different parties, but in relation to the same original matter. The last time it appeared in this court it was remanded for a new trial; on the question of the *amount*

WESTERN DIS. of damages the warrantors were liable to pay. *See* 16 *La.*
September,1841. *Reports*, 151.

MELANCON'S
HEIRS
*vs.*
ROBICHAUD'S
HEIRS.

On the return of the case to the District Court, witnesses were called to prove the losses and damage the plaintiffs had sustained by the eviction of 3 arpents of land, making part of 5 arpents purchased at the Probate sale of Charles Melançon's estate, in 1819, by Dr. Duhamel. The eviction of these 3 arpents, in the suit of P. Broussard against Duhamel, took place in 1824. The witnesses called, testified generally, that the land in question was worth $600 or $700 per arpent, at the time of the eviction; and that about $500 was expended in lawyers' fees.

The district judge took the sum of $650 per arpent as the value of the land, and gave judgment against the defendants for $1950 on account of the land, and $500 in damages on account of lawyers' fees. The defendants appealed.

The plaintiffs and appellees prayed an amendment of the judgment, that they be allowed the sum of $1000, in addition paid to John Brownson for his professional services in the many suits which grew out of the original sale and transaction, for all of which, the defendants were liable as warrantors.

*Voorhies*, for the plaintiffs and appellees.

*T. H. Lewis & Morse*, for the defendants and appellants.

*Morphy, J.* delivered the opinion of the court.

This case which was before us last September term, on the recourse in warranty of the heirs of Melançon against the heirs of Freme Robichaud, was then remanded in order to assess the value of the three arpents of land of which Duhamel, the vendee of the heirs of Melançon, had been evicted in 1824: 16 *La. Rep.* 156. After hearing the evidence adduced by the parties, the judge of the inferior court allowed to the defendant's vendors $1950, as the value of the three arpents in question, with interest at the rate of five per cent. per annum, from the date of the eviction, to wit: The 21st of

September, 1824, $500 for fees paid to John Brownson, Esq. to defend the suit occasioned by the eviction, and all legal costs. The warrantors appealed.

They do not complain of the amount they are decreed to pay as the value of the evicted part of the land sold by their ancestor to Charles Melançon, but they contend that interest on this sum was improperly allowed from the date of the eviction; the view they have taken of their obligation is, in our opinion, correct. A warrantor in a case of eviction, does not owe interest in the same manner as a purchaser who withholds the price of a thing which produces fruits; the interest in that case is due to the vendor, as an equivalent for the fruits which the vendee is enjoying. It therefore runs from the time when the price itself should have been paid. But the warrantor who is not in possession of the property is only bound, among other obligations, to reimburse the purchase money or a proportion of it; he owes interest on it only from the day of judicial demand, as in the case of an ordinary debt; if the sum to be reimbursed be certain, interest is due from the time the warrantor has been put in morâ; if the amount be unliquidated as in the present case, then interest runs only from the date of the judgment fixing the proportion of the price to be returned to the vendee. 8 Martin N. S. 185; 3 La. Rep. 395, 545; 12 Idem 314. Of this, the heirs of Melançon cannot complain; their recourse in warranty against their sellers was open to them in 1824, when the eviction was pronounced; they knew then or must be presumed to have known the measure of damages they were entitled to, and in the same suit and at the same time, they might have obtained a judgment against their warrantors, for the sum which is now decreed to them. They are in the situation of an ordinary creditor who does not urge his claim, or is slow and remiss in the prosecution of it. Instead of exercising an immediate recourse against their sellers, they have thought proper to direct all their efforts against their vendee; their great object seems to have been to hold him to his bargain with them,

WESTERN DIS. September,1841.

MELANÇON'S HEIRS vs. ROBICHAUD'S HEIRS.

A warrantor in case of eviction of the purchaser, does not owe interest in the same manner as the purchaser who withholds the price of a thing which produces fruits.

The warrantor who is not in possession of the property, is only bound among other obligations to reimburse the purchase money, or a proportion of it; and he owes interest after he is put in morâ, or from judicial demand; or if the debt is unliquidated, only from the rendition of judgment.

WESTERN DIS.
September,1841.

MELANÇON'S
HEIRS
vs.
ROBICHAUD'S
HEIRS.

which is admitted on all hands, to have been a hard one ; and they have pursued it for a number of years with a tenacity and perseverance worthy of a better result. Now that all their efforts against him have proved abortive, they resort to their action against their sellers, and set up a claim for interest which, in our opinion, is not sanctioned by law. C. of Pr., arts. 553 and 554 ; 8 Martin, N. S., 612.

The fee of $500, paid by the heirs of Melançon to their attorney, appears also to us to have been improperly charged to the warrantors. By the old Civil Code, under which the sale by their ancestor was made, the buyer had a right to claim, 1st, the restitution of the price ; 2d, that of the fruits or revenues, when he is obliged to return them to the owner who evicts him ; 3d, all the costs occasioned either by the suit in warranty, against the buyer, or by that brought by the original plaintiff ; 4th, in fine, the damages, when he has suffered any, besides the price that he has paid ; p. 354, art. 54. The fees, which parties have to pay to their counsel for asserting their rights in the courts of justice, have never been, nor can they be considered as costs, chargeable to the party cast ; *it is only the taxed costs, which a warrantor is bound to reimburse to his vendee.* The fees paid for professional services cannot either be allowed under the head of damages; the article just quoted contemplates those which may result from the loss of the thing sold, over and above the original price, *propter rem ipsam non habitam ;* Pothier, vente, p. 74, No. 130. We are not aware, that fees which parties evicted have paid for professional services, have ever, with the sanction of this tribunal, been charged to warrantors either as costs or as damages. If they were allowed in a case of this kind, why should they not be claimed in every suit? The obligation of a debtor on a note of hand, to pay his creditor, and not to put him to the expense of employing counsel, to collect his debt, is not less strong and binding, than that of a seller, to give a good title, and to warrant the same. It is difficult to distinguish between the two cases. It is true, that on the dissolution of injunctions, this

Fees which parties have to pay to their counsel for asserting their rights in courts of justice, have never been, nor can they be considered as costs, chargeable to the party cast. It is only taxed costs which a warrantor is bound to reimburse to his vendee.

On the dissolution of injunctions under the statute of 1831, this court has sometimes allowed as damages, the expenses for professional services, which the creditor enjoined has incurred in setting the injunction aside, when improperly obtained.

WESTERN DIS.
*September*,1841.

MELANÇON'S
HEIRS
*vs.*
ROBICHAUD'S
HEIRS.

court has sometimes thought proper, under the statute of 1831, to allow as damages the expenses for professional services, which the creditor enjoined has incurred in setting them aside. In so doing, the court might have supposed, that they were carrying out the intentions of the law-giver, whose well known object was to punish the bad faith of debtors, who were daily impeding the execution of the judgments obtained against them on the most frivolous pretences. But we are not disposed to go further; it is not long since, that we were called upon to allow damages to a third possessor, whose injunction was perpetuated on the ground, that he had been put to the expense of employing counsel, to arrest proceedings against him, which were illegal, and which should never have been carried on. 17 La. Rep., 265. This claim we rejected as unsupported by law; we entertain the same opinion of that now set up by the heirs of Melançon; but they are entitled to the amount of $274 75, which they appear to have paid for costs in two suits relative to the eviction of the land.

It is therefore ordered, that the judgment of the District Court be annulled, avoided and reversed ; and now proceeding to render such judgment as should, in our opinion, have been given below : It is decreed, that the heirs of Melançon do recover of the heirs of Robichaud, their warrantors, the sum of two thousand two hundred and twenty-four dollars and forty-five cents, with five per cent. interest per annum on the same, from the 5th of May, 1841, until paid ; with the further costs below to be taxed in this suit ; those of this appeal to be paid by the appellees.