WALTER BRASHEAR *v.* JAMES C. WILKINS and others.

Where the purchaser at a sheriff's sale voluntarily stipulates not to avail himself of all the rights he acquired by the sale, and permits one of the former owners to occupy a part of the land with a view to perfect his right as a pre-emptioner under the laws of the United States, and the latter, on an attempt by the purchaser to dispossess him, subsequently institutes legal proceedings to be quieted in his possession, it is not such a disturbance of the purchaser as was contemplated by the warranty, and will not authorize him to withhold payment, until security be given for the title.

One who has succeeded in obtaining the dissolution of an injunction, cannot recover an attorney's fee as special damages, where the evidence does not show that any fee was actually paid, but only the value of the services of the counsel employed to defend such a suit.

Where a sum improperly allowed as special damages, is remitted by the counsel of the appellee before the argument of the case on the appeal, and the judgment of

the lower court is affirmed in all other respects, the appellant will be condemned to pay the costs.

The plaintiff appealed from a judgment of the District Court of St. Mary, *King*, J., dissolving, with damages, an injunction obtained by him.

*Crow, Porter*, and *W. C. Dwight*, for the appellant.

*Maskell* and *Lewis*, for the defendants.

BULLARD, J. The plaintiff Brashear sued out an injunction to stay proceedings on a writ of *fieri facias*, issued on a twelve-months' bond given by him for a part of the price of a tract of land and other property, upon the allegation that he had been disturbed in his enjoyment of the property, and that both the seizing creditor and the seized debtor, are bound to give security to make good his title. The alleged disturbance consists of three suits instituted against the petitioner, the one by Bigler, whose title had been divested by the sheriff's sale, to whom, jointly with Walker, the land formerly belonged, in which he sets up a title to a part of the land adversely to the plaintiff's. The other two suits may be left out of view, as one of them, brought by the same Bigler, is for a patent corn mill, and the other, by Anselm, is an action of trespass. The plaintiff also claimed certain credits on his bond, but that ground has not been insisted on, and the only question presented for our solution is, whether the action instituted by Bigler, in which he claims a part of the land purchased by the plaintiff, amounts to such a disturbance as to authorize him to withhold payment until security shall have been given for the title.

The facts in relation to this part of the case appear to be that, on the 24th of February, 1842, Brashear gave to Bigler the following written acknowledgement: "I do hereby acknowledge that in taking possession of a part of the claim of R. J. Walker on the Bayou Bœuf, purchased at sheriff's sale, it is not my object to interfere with any right which Wm. Bigler may have, as a settler on public lands, as I admit that I found him in his present occupancy on the 22d of this month."

On the 1st of August, 1843, Brashear procured from the district judge a writ of possession, ordering the sheriff to put him in possession of all the land purchased by him at the sheriff's

Brashear v. Wilkins and others.

sale. In his petition to the judge, upon which this writ issued, he represents that Bigler, immediately after the sheriff's sale, had returned to the house in which he had previously lived, which was a part of the property purchased by him, and refused to deliver it up, and that unless he be compelled to vacate the land, he will suffer heavy damage for want of the undisturbed possession of the land, and from the necessary litigation and delays to remove him.

Bigler obtained an injunction to prevent the sheriff from disturbing his possession by enforcing the said writ or mandate, and in his petition he sets up the agreement of Brashear, not to interfere with his right of pre-emption on the public land, as the basis of his action. He demands damages to the amount of three hundred dollars, and that the injunction may be perpetuated. Thus it appears, that the disturbance complained of by the plaintiff is occasioned by a suit having for its object to maintain Bigler in his possession, under the agreement of Brashear himself. If the latter voluntarily desisted from availing himself of all the rights which he acquired under the sheriff's sale, and permitted one of the former owners to occupy a part of the land with a view of perfecting his right as a pre-emptioner under the law of the United States, and the latter institutes legal proceedings to be quieted in possession under such an agreement against an attempt to dispossess him, it is not, in our opinion, such a disturbance of the purchaser as is contemplated by his warranty, and does not authorise him to require security.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs, except as to the attorney's fee assessed as special damages, which was remitted by counsel before the argument, and which was, in our opinion, improperly allowed. 17 La. 265. 19 La. 361.*

---

* The counsel for the appellant. prayed for a re-hearing, on the ground that the appellees should have been condemned to pay the costs of the appeal, the *remittitur* of the special damages being an acknowledgment that they were incorrectly allowed, and the judgment being virtually reversed so far as it related to such damages. Code of Practice, art. 908. *Rehearing refused.*

The decision, and the refusal of the re-hearing in this case, so far as the question of

---

costs is concerned, can hardly be reconciled with the article of the Code of Practice, cited by the counsel of the appellant, which declares that, "if the judgment be reversed, in whatever degree it may be, the appellee shall pay the costs."    In the case of *Rhodes* v. *Skolfield,* since decided in New Orleans, in March, 1845, which will be published in the next volume, this decision is overruled.    In the latter case it is declared, that an appellee cannot, by entering in the Supreme Court a *remittitur* of a sum incorrectly allowed by the court below as special damages, throw the costs of the appeal on the appellant.