HEIRS OF DELORD SARPY *v.* CITY OF NEW ORLEANS.

The warrantor is not liable for the fees of the attorney employed by the party evicted.

Attorney fees cannot be recovered as either costs of the suit or as damages, under Art. 2482 of the Civil Code.

The party evicted from real estate, cannot recover the difference between the costs of the improvements made by him, and the enhanced value of the soil.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*Janin & Griffon,* for plaintiff. *J. J. Michel,* for defendant and appellant.

COLE, J. This suit is the sequel of that instituted by the same plaintiffs against the city, and reported in 11 An. 699.

In that case, the court decided the principles upon which the division line between the battures of faubourgs St. Mary and Delord is to be laid out. The plaintiffs, however, had claimed, in the first suit, but a part of the ground to which that division line entitled them. This suit is for the remainder.

As this case presented no new facts and no new question of law, so far as the right to the land is concerned, the city did not contest plaintiff's title.

The District Judge, in his judgment, succinctly and correctly states the questions presented in this case, in the following words :

" There being no dispute as to the title, the only questions to be determined, relates to the boundaries fixing the portion of said property no longer wanted for public purposes, the enhanced value of the property from the improvement, and the amount or cost of the improvements to be awarded to the evicted third person."

The plaintiff's claims for damages, fruits and revenues, were reserved.

*John Slidell* was one of the defendants sued by the plaintiffs, as being in possession of their property. He had purchased his part of the lots of the city of New Orleans, whom he called in warranty.

There was judgment for plaintiffs against *Slidell,* and in his favor against the city, his warrantor.

The city has appealed, and contests only the allowance of $1,500 for attorney's fees in favor of *John Slidell,* and the allowance in the judgment of $2,890 for the the difference between the cost of the improvements and the enhanced value of the property.

I. The warrantor is not liable for the fees of the attorney employed by the party evicted. There is no reason why they should be allowed in favor of parties evicted against their warrantors, and not also in every other case. It is often as injurious to a creditor to be forced to sue upon an obligation, and to abide the tedious process of law, as it is for a vendee to be evicted from land or other property.

Art. 2482 of the Civil Code declares, that if the buyer be evicted, he has the right to claim against the seller—1st. The restitution of the price ; 2d. That of the fruits and revenues, when he is obliged to return them to the owner who evicts him ; 3d. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff; 4th. In fine, the damages, when he has suffered any, besides the price that he has paid.

Costs in the third clause of this Article, refer to the taxed costs of suit, and not to the fees of attorneys.

If fees of attorneys were comprehended in costs, then the warrantor would be liable to pay not only the attorney's fees of the vendee, but also those of the party suing for the land, for by the third clause he is obliged to pay the costs caused by the call in warranty of the buyer, and also those of the plaintiff who claims the property.

But as he is the warrantor of his vendee, and not of the plaintiff, the latter can of course only claim the costs of suit.

Damages in the fourth clause of this section, do not refer to the fees of attorneys employed by the warrantors.

If they did, the legislator would hardly have said : " In fine, the damages, when *he has suffered any*, besides the price he has paid," for in almost every case of eviction, the buyer is obliged to employ an attorney to call his vendor in warranty.

The Article is treating of the consequences of eviction, and " damages" evidently refer to the losses proceeding from being deprived of the property, and not to the money expended by him for fees of attorneys, in order that he might keep possession of the property. Attorney's fees are not a consequence of eviction, but an expenditure in order to prevent eviction. As the costs of suit are mentioned, it seems reasonable to suppose that the fees of attorneys would also have been enumerated, if such had been the intention of the legislator.

It is true, that in *Tear* v. *Williams*, 2 An. 870, fees of counsel were recovered against the warrantor, but it was decided otherwise in *Melançon's Heirs* v. *Robichaud's Heirs*, 19 La. 360, and we consider this decision more in accordance with the proper construction of the law. The liability of the warrantor in the case of *Melançon's Heirs*, was determined according to the provisions of the old Civil Code, inasmuch as the contract of sale, by the ancestor of the warrantor, was made under that Code ; but Art. 54, p. 354 of the old ·Code is the same as Art. 2482 of the new Code.

II. The court erred in granting compensation for the difference " between the costs of the improvements and the enhanced value of the soil." C. C. 2482.

The old Code permitted such allowance. Art. 57 declares, that " if, at the time of the eviction, the thing sold has risen in value even without the buyer having contributed thereto, the seller is bound to pay him the amount of said augmentation of value above the price of the sale."

The old Code contained the same provisions for the relief of the evicted purchaser in Art. 54, as are embraced in Art. 2482 of the new Code ; but the former also provided for further relief in a certain event, as explained in Art. 57. The omission of this last Article by the framers of the new Code, shows that their intention was not to allow such compensation.

If, however, the District Court intended to make the city pay for any part of the improvements, or for any part of their depreciation in value, the judgment was erroneous.

The judgment of the District Court decreed that *John Slidell* should recover from the plaintiff the sum of $17,890, of which $15,000 were for the present value of the improvements, and $2,890 for one-half of the difference between their present value and their original costs ; and also that *Slidell* should recover from the city of New Orleans $17,750, the price paid by him for the lots, $2,890 and $1,500 for special damages for lawyer's fees. The plaintiff's have not appealed, or asked any amendment of the judgment.

The warrantor cannot be made to pay $2,890, the other half of the difference

between the present value of the improvements and their original costs. *Young* v. *Lebeau*, 13 An.; *Young* v. *Courtney*, 13 An.; and *City* v. *Hale*, 14 An.

It is, therefore, ordered, adjudged and decreed, that the judgment be amended as follows : that the part of the judgment which decrees that *John Slidell* shall recover from the city of New Orleans two thousand eight hundred and ninety dollars, difference " between the costs of the improvements and the enhanced value of the soil," and fifteen hundred dollars special damages for lawyer's fees, with interest thereupon, be avoided and reversed, and that the said claims be rejected; and that the judgment so amended be affirmed, and that the appellee, *John Slidell*, pay the costs of appeal.

BUCHANAN, J., recused himself.

VOORHIES, J., absent.