Tlie opinion of tlie Court was delivered "by
Fenner J.
This is an action for damages for the illegal seizure and detention of property of plaintiff, under an execution upon a judgment of defendant against A. M. Mir.
Mir had been the proprietor of a soda-water and cake stand, kept under privilege granted by the city, upon city property adjoining the French Market.
Waterman had supplied Mir with soda-water, for which the latter became indebted to Mm in the amount of one hundred dollars, and for said sum Waterman sued and obtained judgment against him. He caused a writ of fi. fa. to issue and was proceeding to seize the soda stand and its contents, when he was notified by Mrs. Chapuis, the present plaintiff, and the mother-in-law of Mir, that she was the owner thereof, under a purchase by notarial act, from Mir, executed not long before. Finding that Mir had remained, and was then in charge of the business, after the sale as before, and that no perceptible translation of possession had taken place, and considering the relationship between *60 tlie parties, Waterman, upon the advice of Iris counsel, disregarded this notice and directed the seizure to be made at all events, after furnishing the bond of indemnity required by the constable. The goods in the stand were seized and removed by the constable and the stand itself was placed in charge of a keeper.
Mrs. Chapuis then brought an injunction suit, asserting her title to the property and restraining its sale, which, after contest, was finally decided in her favor. Immediately upon the rendition of this judgment, after a maintenance of the seizure for 367 days, Waterman released it, restored Mrs. Chapuis to the possession of the stand and of all its contents, except cakes, candies and other perishable articles which had become valueless.
The privilege from the city was paid for at the rate of one dollar and half per day. The shed, stand and other fixtures, cost, according to the estimate of some witnesses, $75, and according to Mir’s statement, about three hundred dollars. The contents of the stand, consisting of cakes, candies, chewing and smoking tobacco, and like articles, with boxes, glasses, etc., were worth, under the claim of plaintiff, in her petition, $350; but, according to the positive statement of the officers who seized and inventoried them, not more than fifteen or twenty dollars. In order not to damage the privilege, by its suspension during- the seizure, Waterman obtained permission to carry on the business and employed a man for that purpose, who kept up a stock similar to that of plaintiff and kept the stand in operation, resulting.in a nett loss to him of about $100. The price alleged to have been paid by Mrs. Chapuis for the entire concern, including a stock more valuable than that on hand at time of seizure, was one thousand dollars. After her purchase the same had been offered for sale to another person by Mir, for eight hundred dollars, and after release of the seizure, it was actually sold by her at auction for the nett sum of $284.
For the seizure of such property, and interference with such business, under circumstances presenting every element of probable cause and excluding every suspicion of malice or evil intent, the plaintiff in this suit claims the sum of $14,573, as damages.
We will first dispose of several legal questions contested between the parties.
1st. The fact that the dealings between plaintiff and Mir were such as reasonably to induce the defendant to believe that the property continued to belong to his judgment debtor, cannot exempt him from liability for proper damages, under the circumstances of this case. Had he seized without notice of the sale to plaintiff, he might possibly, (though we do not so decide), have been exempt up to the date of such notice. But, having been advised of plaintiff’s title and put on his *61 guard, lie acted at Iris peril wlien he disregarded it, and must abide the consequences. Duperon vs. Vanwinkle, 4 R. 39.
2d. Plaintiff is entitled, as damages, to attorneys fees paid in the injunction suit to prevent the sale and secure the return of her property. Given vs. White, 29 A. 517; Dyke vs. Walker, 5 A. 519; Willis vs. Scott, 11 A. 1032.
The plea of res judicata against this item is not founded.' She claimed no damages in her injunction suit, and they were, therefore, not disallowed by the judgment therein.
3d. She is not entitled, as damages, to attorney’s fees in prosecuting the present action. 19 La. 357; 13 A. 449; 14 A. 311, 757, 826; 10 A. 563; 13 A. 342. ■
4th. Loss of profits, not speculative in character, but resulting from the stoppage of business by a seizure, is a proper element of damages.
Nothing remains but a mere question of quantum.
The District Judge allowed plaintiff four hundred and fouiteen dollars, of which both parties violently complain.
After a patient and minute study of a vast mass of testimony, conflicting at every point, and subjecting the whole to the tests of reason, probability, and conformity to ordinary experience, we are unable to reach a conclusion differing from that of the Judge a quo, with sufficient certainty to justify us in disturbing his judgment.
Judgment affirmed, at appellant’s cost.
Rehearing refused.