The opinion of the court was delivered by
Nicholas, C. J.
The property was adjudicated in June,. 1885, to the defendant at a tax sale made under Act No. 82 of 1884. He received a deed on the 6th of July, 1885, and was placed in possession of the property on the 18th' of August of the same year. In the deed of sale it is recited that the property had been previously ad - judicated to the State under the provisions of Act No. 98 of 1882, to ■enforce the payment of the unpaid State taxes due. on and by said property for the years 1870, 1875 and 1878. That it had been again-under Act 82 of 1884 advertised for sale to enforce and collect the payment of said State taxes due on and by said property, which taxes still remained due and unpaid. That the property was duly and legally assessed in the name of Michael Walsh or Walsch for the years 1870, 1871, 1873, 1874, 1875, 1876, 1877, 1878 and 1879. That the tax collector had offered it for sale at public auction, and Dominique Negrotto being the last and'highest bidder in the sum of forty-five dollars, he had adjudicated the property to him; that there were then due and unpaid taxes of the city of New Orleans on the property for the years 1871, 1873, 1874, 1875, 1876, 1877, 1878 and 1879, amounting to two hundred and ninety-one dollars and fifty cents. The receipt of the forty-five dollars was acknowledged and was declared payment in full for all taxes due to the State and city of New Orleans prior to December 31, 1880. In this deed the purchaser Negrotto declared “he assumed and promised to pay all the State and city taxes on said property for the year 1880 and subsequent years together with all interest charges, fees and commissions which may be due and unpaid.”
*987 The deed is made upon a general printed form similar to that ■described in Hoyle vs. Southern Athletic Club (Ante p. 882). There is no special reference in the deed to the advertisement made of this particular property, but a general sweeping recital that “such properties were always advertised in the name of the party in whose name it was assessed (and when it was known) in the name of the present owner if different from the assessed name.
On the 16th of October, 1890, Negrotto sold the property under full warranty to Mrs. Josephine Lamarque, wife of Joseph Harang, lor eight hundred dollars; four hundred dollars being cash and the balance represented by three promissory notes of the purchaser ■signed by her to her own order, and by her endorsed, each for the sum of one hundred aud thirty-three dollars and thirty-three and one-third cents, payable respectively one, two and three years after date with interest at eight per cent, per annum from date. Mrs. Harang went at once into possession of the property and is still in possession of the same. On the 20th of January, 1894, she and her husband were cited as defendants in the present petitory action. On the trial it was admitted that the defendant, Mrs. Harang, had paid the State and city taxes upon the property in the amounts and at the dates specified in her answer; also that if a certain named witness for defendant were present he would swear thathe was the “ carpenter employed to make for the defendant the repairs to the house upon the property in question; that the repairs were necessary and beneficial to the property, and that he was paid therefor six hundred and fifty-eight dollars, as alleged in defendants’ answer, and that he would testify to the correctness of the bill.”
The taxes so admitted to have been paid by defendant were:
State taxes lor 1890................................................................................................. $8 83
State taxes for 1891............................................................................................. 11 00
State taxes for 1S92 ................................................................................................ 11 45
City taxes for 1890.............................................................................................. 24 74
City taxes for 1891................................................................................................. 18 35
City taxes for 1892.................................................................................................... 32 80
Total............................................................................................................$119 67
It was also admitted on the trial that if the warrantor, Negrotto, who was absent, were present, he would testify that at the time bought the property in 1886 it was in a bad state of repair, and would not have rented for anything, that it would have brought in no revenue by way of rent up to the time he made repairs, upon it. Also that he would swear “ that the amounts alleged by him in his *988 answer to have been paid by him, were paid by him, and that the repairs were necessary, that he paid the sum of forty-three dollars and fifty cents, State taxes, interest, cost and charges on the property from 1880 to 1889 inclusive. The sum of two hundred and thirty dollars and seven cents, being the amount of city taxes, interest, costs and charges on the property from 1880Jto 1889 inclusive. The sum of forty-two dollars and thirty-six cents being the amount expended by him to redeem the property from the State for sales made for State taxes for 1880, 1881, 1882 and 1888. That he paid two hundred and forty dollars and twenty-five cents in making necessary repairs, which repairs were necessary and beneficial to the property, and that he paid forty-five dollars at the tax sale at which he bought the property.” The sale made to the State for State taxes for 1880, 1881, 1882 and 1888 alluded to in the admission are not in the record.
Michael Walsh, the owner of the property, died in 1866, his wife Mary Ann Walsh, qualified in 1867 as administratrix of his succession. She herself died in 1878. Michael Walsh and wife left as heirs, three sons, John J., Michael E., and Thomas Walsh. What their-ages were at the date of their parents death does not appear.
Thomas Walsh, one of the sons died, leaving a son, Michael J. Walsh (one of the plaintiffs).
We are satisfied from the evidence that in all tax proceedings in reference to this property, it was dealt with as the property of Michael Walsh or Walsch, although he died as far back as 1866. The assesments were always in that name; the publications and advertisements were in that name, and if notices were attempted to be given, they must have been given in that name. There is no mention whatever anywhere of the succession of Michael Walsh or his-heirs or his legal representatives or allusion to them.
It is claimed that no notice other than that by publication was necessary to be given in proceedings for the enforcement of delinquent taxes prior to 1880. That is true, but the publication itself,, when so made as giving notice, should have to conform to legal requirements. The advertisement standing in lieu of notice should have presented on its face the data necessary to place parties in interest on their guard and should by correct descriptions as to property and owners, have conveyed information to owners that they were in danger of being divested of their property. The law con *989 templated publication under a legal assessment, not publication under an assessment made against a party who had been dead ever since 1866.
Under the decisions of this court such an assessment must be held an absolute nullity, and advertisements and notices made upon it also nullities. The prescriptions pleaded do not apply to this case.
The judgment in favor of the plaintiffs for the property must be sustained. We are next called on to consider the incidental rights and obligations of the parties springing from the situation. The defendant, Mrs. Harang, complains that she should have recovered from the plaintiff the State and city taxes paid by her for the years 1890, 1891 and 1892.
In Weber vs. Coussy, 12 An. 586, the court, referring to taxes paid by a defendant evicted from property which he had purchased, said “they were paid for by him for the benefit of the plaintiff if the plaintiff was the owner of the property. Instead of being charged against defendant warrantor they should have been charged against plaintiff, and the writ or possession suspended until it was refunded to defendant as negotiorum gesto)' for plaintiff. It would truly be very convenient for many an owner of swamp lands around New Orleans to suffer another person (who perhaps has acquired them at tax sale) to pay the taxes from March, 1846, to December, 1856, and just before ten years’ prescription has accrued to step in with his petitory action and recover the land free from all taxes.”
As the defendant under our decision herein will not be allowed interest against her warrantor on the price paid by her until judicial demand, under her prior occupancy of the property, she will to the extent of that interest have really paid for the same, the value of the occupancy being taken as equal to the interest, she should not be burdened additionally with payment of taxes. Defendent claims to be entitled against the warrantor to interest from the date of the several payments of the purchase price instead of from judicial demand. From the period of her purchase up to the judicial demand in the present suit, defendant has had possession of the property freed from the payment of rent. Interest on the price can well be held to be balanced by the rent. The warrantor complains that the ■court has entirely ignored his claims for re-imbursement for taxes and improvements. The court assigned as its reason for so doing that no issue had been made up between the plaintiff and the warrantor. *990 If by this was meant that the warrantor should have caused his answer to be served upon the plaintiff and to have been joined thereon by default and answer, we think the court erred. When the defendant under the call in warranty went into the case and assumed the burden of the action, he became substantially the defendant therein. Plaintiff was as much called on to notice his pleadings and prayer without service and default as a plaintiff is called on to notice and defend without service upon him or judgment by default, the reconventional demand of an ordinary defendant — some question was made in the earlier stages of the trial as to whether the warrantor was entiled to have service made upon him of the petition of the plaintiff in the case. The point has not been pressed, but it may be well to say that a warrantor by tlie call in warranty and service of defendant’s pleadings thereon, is advised of the attack made upon the title he had conveyed, and it is his duty to inform himself by inspection of the character of the attack. The warrantor complains of the allowance of attorneys’ fees against him in favor of defendant. He avers also that he is entitled to reimbursement from plaintiff for the taxes which he has paid for his benefit, as much so as defendant was entitled to reimbursement for those which she paid; also that he is entitled to be paid for his improvements. Had the defendant not sold the property to Mrs. Harang and been in possession of the property himself, he would unquestionably be entitled to reimbursement for both the one and the other, and he maintains that the sale to the defendant makes no change in the legal sitúa - tion. He contends that when he pays back to his vendee the full-price which she paid to him, included therein will be the increased value to the land given to it by his improvements at the time of defendant’s purchase and therefore unless he can recover from the plaintiff, he will have to lose entirely the outlays which he made for the same, and plaintiff will to that extent enrich himsalf at his expense. The defendant in this suit limited her claim for improvements for those which she herself placed upon the property. In LeJeune vs. Barrow, 11 An. 502, judgment was rendered against the plaintiff for the value of all the improvements upon the property. Defendant obtained judgment for the entire price paid by him to his vendor. The district judge apportioned the money which the plaintiffs were1 condemned to pay for the useful improvements put on their land by the adverse possessors rate- *991 ably between the defendant and her warrantor according to the estimated value of the improvements made by each. On appeal this court said: “This seems to be equitable and we have been referred to no authority which sanctions a different doctrine. Wright (the warrantor) has to refund to his vendee (Barrow) the price which the latter paid him for the land as improved by the former. The improvements then existing enhanced this price in proportion to their value. If on the eviction of his vendee Wright has to restore the whole price and to receive nothing in return for his improvements, while Barrow recovers from the plaintiff the value not only of his own improvements but of those made by the vendor, it is obvious that Barrow would be twice paid for the same thing.” The fact that Wright had disconnected himself from the property and lost possession of it through his sale to Barrow does noc seem to have militated against his right in the same suit to demand from LeJeune, the plaintiff therein, the same claims which he could have advanced were he the defendant in possession. We think the present suit the proper occasion in which Negrotto should advance his claims, and that he should not be remitted to a separate future independent suit against the plaintiffs. Laizer vs. Generes, 10 Rob. 179.
If plaintiffs have any defences or counter' claims they can either advance them directly or by amending their pleadings. Circuity of action will thus be avoided, and the provisions of Art. 210 of the Constitution relative to repayment of price to purchasers at tax sales on the setting aside'of their titles can be made effective. The plaintiff in this case took no exception to- the form of proceeding, but voluntarily litigated the issues tendered. We think Negrotto is entitled to recover from the plaintiffs the taxes he has paid on the property for the benefit of the plaintiff, not including penalties and costs. We are not prepared to say that fhe amount expended by the warrantor for improvements made as far back as those which warrantors claim for are chargeable against the plaintiff. He may have derived and may derive no benefit from them. We are inclined to think that twenty dollars per month for rent may have been too large an amount with which to charge the defendant in the interval between the bringing of this suit and the surrender of possession of the same. We should judge that the value of the occupancy of the house is to some extent due to the moneys expended upon it by the defendant or the warrantor, or both. That fact should have some *992 weight in fixing the rent during the period referred to. We think the ends of justice will be best subserved by remanding the cause to the District Court so as to adjust on some points the incidental rights of the parties, particularly as the District Court has not passed upon some of them. We think the judgment in favor of the plaintiffs decreeing them to be owners of the property which they claimed, and ordering defendant to pay rent from judicial demand until delivery of possession of the same is correct. We think the amount as now found to be paid per month as rent should be set aside, and that the amount for the same should be fixed de novo by the District Court. The judgment in favor of the defendant against the plaintiffs not being objected to must, so far as it now stands, be affirmed, but it must be amended by decreeing that defendant should recover from the plaintiffs additionally the sum of one hundred and nineteen dollars and sixty-seven cents for taxes paid by defendant on the property. We think that Negrotto should recover judgment against the plaintiffs for the amount of taxes, less penalties and costs which he has paid upon the property. 33 An. 531; Stafford vs. Twitchell, 35 An. 487; Davenport vs. Knox, 35 An. 1086; Hickman vs. Dawson, 37 An. 357; Fishel vs. Mercier. That he should also recover judgment against the plaintiffs for such amount for improvements made by him as shall be found to enure to their benefit. The judgment in favor of defendant against her warrantor for attorneys’ fees should be set aside. Melancon’s Heirs vs. Robichaud, 19 La. 357; Williams vs. LeBlanc, 14 An. 757; Hale vs. New Orleans, 13 An. 499; Laborde vs. The City, 13 An. 327; Sarpy vs. New Orleans, 14 An. 311; Late vs. Armorer, 14 An. 826.
For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed in so far as it renders judgment in favor of the defendant, Mrs. Josephine Harang, against her warrantor, Domingo Negrotto, Sr., for one hundred dollars for attorneys fees.
It is further ordered, a’djudged and decreed that said judgment be amended by striking out twenty dollars as the amount of the monthly rent for Which defendant is chargeable in favor of the plaintiffs, the amount of the monthly rate being left open to be fixed and determined by the District Court upon the remanding of the cause to it as hereinafter directed, and by making the payment of *993 said rent terminate upon surrender of the property to the plaintiffs by the defendant.
It is further ordered, adjudged and decreed that the judgment be amended condemning plaintiffs to pay to defendant, in addition to the sum of six hundred and sixty-eight dollars, value of useful improvements, the additional sum of one hundred and nineteen dollars and sixty-seven cents, amount of State and city taxes paid by the defendant for and on account of the property recovered by plaintiffs, the said two amounts to bear interest from July 3, 1895, and by ordering that no writ of possession issue herein until the payment of these two sums to the defendant.
It is further ordered, adjudged and decreed that this cause be remanded to the District Oourt in order to hear and pass, in accordance with the views herein expressed, upon the claims set up by the warrantor against the plaintiffs, and to fix and determine the amount of monthly rent for which the- defendant shall be chargeable from judicial demand upon her, until surrender of the property.
It is further ordered, adjudged and decreed that the judgment appealed from, except in so far as it is annulled and amended herein, and in so far as left open for determination by the District Oourt on the remanding of the cause as herein directed, be and the same is affirmed, costs of appeal to be divided between plaintiffs and defendant.