In the opinion and decree rendered herein, it is stated that "none of the defendants or warrantors have answered the appeal praying that in the event of a reversal of the judgment appealed from they be given judgment on their respective calls in warranty."
In an application for rehearing filed on behalf of the defendant Peter J. Naquin who had called C. Ben Snell, his vendor, in warranty, our attention is called to the fact that he, Naquin, had taken and perfected a *Page 248 
devolutive appeal from that part of the judgment which had rejected his demand on his call in warranty. We acknowledge our mistake in having overlooked that important fact which makes it necessary to give consideration to this particular call in warranty.
[1] The demand made by Naquin on his call in warranty is for the purchase price paid for the car, for repairs alleged to have been made on it, for attorneys fees and for loss of time at work by having been deprived of the use of the car while it was under seizure. The "purchaser and dealer's statement" made at the time of his purchase of the car from Snell, trading under the name of West Bank Motors, was produced by him and it is found to verify his demand and his testimony concerning the purchase price of $1,530.40 which included insurance, interest and carrying charges, and as the warranty is not disputed, he should recover on that item. With regard to the claim for repairs it appears from his own testimony that most of them were part of the contract between him and Snell at the time the car was purchased and as to the remainder the proof isn't positive enough to show whether they were caused by defects existing at the time of purchase or by what use was made of the car thereafter.
[2] The demand of $250 for attorney's fees cannot be allowed for since the early case of Sarpy's Heirs v. City of New Orleans, 14 La. Ann. 311, it has been held that "the warrantor is not liable for the fees of the attorney employed by the party evicted." See also Walsh v. Harang, 48 La. Ann. 984, 20 So. 202.
[3] The demand for loss suffered by having been deprived of the use of the car likewise will have to be denied. It is a well-settled principle of law as well as equity that it is the duty of one claiming to have been injured by the act of another, to minimize the damages as much as possible. There is no reason we can see why the claimant in this case, even according to his own testimony, could not have bonded the sequestration and obtain the release of his car in which event he would not have sustained the loss he now complains of.
We have considered all the other points raised and discussed in defendant's application for rehearing but remain convinced that they were correctly decided in the judgment heretofore rendered.
[4] We take note also that an application for rehearing has been filed on behalf of the warrantor Snell but as he did not appeal from the judgment of the District Court which had dismissed his call in warranty nor did he answer the appeals taken, his application cannot be considered or acted upon. In his application it is stated that "he has filed in the Seventeenth Judicial District Court for the Parish of Terrebonne, State of Louisiana, a petition for devolutive appeal from the judgment rendered therein on the 3rd day of January, 1947," but the record contains no evidence of such appeal.
For the reasons herein stated the original decree herein rendered and which affirmed the judgment of the District Court in so far as it had dismissed all calls in warranty will have to be amended with respect to the call in warranty made by the defendant Naquin on C. Ben Snell, doing business as West Bank Motors, and
It is now ordered that the said decree be and the same is hereby amended by allowing judgment in favor of the said defendant, Peter J. Naquin, On his said call in warranty against C. Ben Snell, doing business as West Bank Motors, in the full and entire sum of $1,530.40, with legal interest from date of judicial demand and all costs in connection with the said call in warranty; the decree to remain otherwise in force and effect with all applications for rehearing being refused. *Page 278