## No. 11,534.

### MRS. JAMES EDWARDS ET AL. VS. O. A. FAIREX.

The plaintiff brought suit to have a tax sale decreed null.

The first ground of the defendant in support of the sale was that the plaintiffs had
admitted in their petition the validity of the assessment and sale.

*Held:* The averment that an assessment and sale had been made, followed by alle-
gations that they were null, is not an admission which concludes the plaintiff.

An *assessment* and *sale* may have been null and not cured as to the nullities by the
healing and curative statutes—38 of 1882 and 82 of 1884.

The second ground of the defendant was that the notice for which Art. 210 of the
Constitution provides is not required when the property is sold for taxes of
1879 and prior years.

*Held:* The property was assessed in the name of a dead man, many years after his
death, and sold at tax sale in his name. The adjudication was null.

APPEAL from the Civil District Court for the Parish of Orleans.
Rightor, J.

*Francis B. Thomas* for Plaintiffs and Appellees.

*William S. Benedict* and *Robert G. Dugué* for Defendant and Ap-
pellant.

*J. Zach. Spearing amicus curiæ.*

The opinion of the court was delivered by

BREAUX, J.    The defendant appealed from a judgment annulling a
tax sale.

In support of the judgment the plaintiffs and appellees argue that
the tax sale was null for the reasons:

1. That the assessment was not made in the name of the owner.

2. That no notice was given as required.

3. That the adjudicatee did not pay the taxes he assumed.

The defendant and appellee, Fairex, claims that the judgment should be reversed on the grounds, viz.:

1. That the plaintiff who alleges that there was an assessment and a sale of the property can not question the validity of the assessment.

2. That the notice for which Art. 210, Constitution of 1879, provides is not required when the property is sold to enforce payment of the taxes of that year and previous years.

3. That the State alone and not the former owner of the property can take advantage of the non-payment by his purchaser of the taxes which he assumed in his deed.

The record discloses that the property was advertised by the tax collector and offered for sale by auction for taxes prior to 1880, and that in default of a bid under Act 38 of 1882 it was adjudicated to the State.

In July, 1885, after advertisement under Act 82 of 1884, the property was adjudicated to the defendant for the taxes due.

The tax records show that the taxes were not paid from 1870.

The former owner died in 1866.

The assessors continued to assess the property in his name. It was advertised as his in 1885, and the property was adjudicated by the tax collector to the defendant that year, assessed in the name of James Edwards, who had departed this life a number of years prior to the assessments.

The tax deed is not in all respects conclusive evidence that the property was assessed and advertised and sold as stated in the deed, and that all essentials have been complied with.

The healing and remedial statute of 1884, No. 82, could not impart to tax deeds the force and effect of conclusive evidence. There are informalities that can not be cured by statute intended to operate retrospectively.

The proof of "assessment" and "sale" of itself is not conclusive evidence that all essentials were complied with in the proceedings, nor did the plaintiff by alleging that the defendant "claims said property as owner under a title held by him from the State of Loui-

siana, dated August 3, 1885," judicially admit the existence of a legal assessment and a sale.

This allegation is followed in the petition (in same paragraph) by the other allegations stating the grounds upon which the plaintiff claims that the tax sale should be declared void.

Admissions can not be divided against plaintiff.

With reference to the want of notice alleged.

The nullity resulting from this want of notice is claimed on grounds affecting the proceedings for the assessment and collection of the taxes.

The property having been assessed in the name of a dead man, the adjudication to the State did not divest the owners of their rights to claim the nullity of the sale.

This court has treated the neglect of the officer in thus assessing property as fatal to the validity of the sale. Sewell vs. Watson, 31 An. 591; Stafford, Ex., vs. Twitchell, 33 An. 524; Montgomery vs. Land and Lumber Company, 46 An. 409.

An assessment of the property in the name of the owner was a requisite.

It is true that acts of 1882 and 1884 under which the sales were made prescribe notice of sale by advertisement.

We are not concerned, at this time, with the question of personal and special notice to the tax debtor and the necessity of giving such a notice.

Granting for the discussion that public advertisement of the sale is the only notice required, it is manifest in this case that the advertisement was not notice to the owner, whose name was not mentioned.

Act 98 of 1882, under which the property was adjudicated to the State, made it the duty of the tax collector to advertise the property in the name of the person to whom assessed, and in case there was error to insert the correct name in the advertisement.

No attempt at correction was made. The property was not sold contradictorily with the owners.

The plaintiffs had no notice, actual or constructive, of the tax sale.

The want of both notices has undoubtedly the effect of invalidating the sale.

The third ground: that there can be no tax deed under Act 82 of 1884 unless the taxes of 1880 and subsequent years have been paid

by the purchaser does not require our determination in this case; having reached the conclusion that the first and second grounds pleaded are fatal to the validity of the tax sale under which the defendant holds.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.

Rehearing refused.