The opinion of the court was delivered by
Breaux, J.
The judgment rendered in this case was avoided on appeal. The case was remanded and reinstated to enable the District Court to render another judgment. Cucullu vs. Brakenridge Lumber Company, 48 An. 677.
After the case had been remanded it was reopened, retried and argued.
A judgment was entered in plaintiff’s favor in accordance with his prayer, and on the reconventional demand judgment was rendered for seventeen hundred and thirty-five dollars and sixty-seven cents, against the plaintiff, to be paid as a condition precedent to a writ of possession issuing.
The taxpayer died in 1876, and his succession was opened in 1876.
The property was adjudicated to the State for the unpaid taxes of 1887, assessed in the name of the tax debtor who was dead since 1876.
All the statutes regarding assessments prior to 1890, without any restriction as relates to ownership of the property whatever, contain direction equivalent in terms to an order, to assess property in the name of the owner.
The tax .debtor was no longer the owner after his death. In construing the statutes, this court held that the assessment in the name of a dead man was valid, if it appeared that the land was carried over on the assessment rolls without want of reasonable diligence on the part of the assessing officer. This conclusion was reached under the several healing and curative statutes adopted to cure the defects in the tax titles prior to the date of the present Constitution.
It does not suggest itself that there is any reason to be less stringent in question of tax title arising after the year 1879.
Mr. Burroughs (p. 204) thus states the rule, that as an original proposition has received universal approval.
“ Where the owner dies and a number of persons are entitled as heirs to the land, it is not necessary to list it in the name of all the *1447 parties entitled, but a general designation of the parties is sufficient, as widow and heirs of Z. S. Wheeler.”
We have not found a decision or any views in any of the textbooks supporting the proposition that property, in the absence of •curative statute or other statute authorizing such assessments, may be properly assessed after a great length of time in the name of one who no longer exists.
In the case in hand there can be no good reason for continuing to assess the property as it was assessed.
The following were some of the duties of the assessor under the statute at the date the assessment was made, and they are, in the main, the duties of that officer at this time: After the 1st of January of each year; to diligently examine the records in the offices of mortgages and conveyances and abstract of land entries; compare the names of the parties assessed and the description of the property; also to make faithful inquiry and investigation, to ascertain what taxable property in his district or parish belongs to residents and to absent owners and to unknown owners, and make correct designated list by the section of the statute.
Had the officer performed his duty each year as required he would not have committed the error, each year, of assessing the property in the name of one who had died many years prior to the date of the assessment.
Moreover, it was, by statute, made the duty of the assessor, in person or by duly authorized deputy, to “ visit the domicile, residence or office of each person, company, firm, corporation, bank, exchange or association of two or more individuals in making assessments.”
It becomes manifest that these duties must have been greatly neglected, and the result was that no such transfer of the property was effected as the law relative to taxation contemplated.
The owner could not be divested of his property upon a mere paper assessment. , •
Influenced as we think by the decisionsjthat had been rendered upon the subject, the Legislature in 1890, in order to put an end to an undesirable condition, enacted that any assessment made in the name of a party deceased shall be good and valid throughout the State, unless notification in writing of the death and of the opening •©el non of the succession has been given. Sec. 25 of 1890.
*1448 The lawmaking power, in the exercise of its authority, chose tO’ relieve the assessor from]the responsibility, if the assessment was made in the name of one deceased, and has placed it upon the heirs or those interested.
it does not change the fact that prior to the adoption of this statute the responsibility of assessing the property in this respect was entirely with the assessor, upon whom was imposed the duty of' making personal inquiry, as we have before stated.
If it was desirable not to assess the property belonging to one who-no longer existed, as it unquestionably was, the duty devolved upon the assessor to make needful inquiries and a proper assessment.
In a number of cases this court has, in applying revenue laws subsequent to 1879 and prior to 1890, held that the continued assessment of property in the name of one who no longer existed was not the assessment required. Edwards vs. Fairex, 47 An. 171; Sewell vs. Watson, 31 An. 591; Stafford vs. Twitchell, 53 An. 520; Montgomery vs. Land and Lumber Co., 46 An. 409; Keene vs. Collins, 40 An. 453.
In other States we find:
“ An assessment of land in the name of a deceased person, made prior to the amendment of March 22, 1880, is void.” Pearson vs. Creed, 69 Cal., p. 539.
The same rule was announced in Morrison vs. McLaughlin, 88 North Carolina, p. 253.
The assessment in a similar case was held void in Alabama. DePoister vs. Gilmer, 82 Ala. 435; also in Florida; L’Engle vs. Wilson, 21 Fla. 461.
In our judgment it is properly a part of the matter in hand to state that under the new law it is incumbent upon the collector to give notice to the heirs as required by Art. 210 of the Constitution, prior to the sale.
In the case before us, also, such we judge was the requirement of the statute.
Able counsel argue with great force the proposition: all tax sales are prima facie valid on their face, citing Art. 210 of the Constitution. But this article also directs that the collector shall, without suit, “ and after giving notice to the delinquent in the manner to be provided by law,” advertise the property for sale.
The maxim is familiar: that notice is of the essence in all things . *1449 required to be done. It applies to the exercise of ministerial power as well as to proceedings that are judicial or qu-asi-judicial. It is one of the most important of all safeguards which has been deemed necessary to protect the interest of parties taxed, and nothing can be substituted for it or excuse the failure to give it. Cooley on Taxation, p. 335. Notice is a prerequisite to the officer’s authority.
There are important informalities, and even illegalities, which may not be fatal, but the absolute want of all the notices required can not be disregarded.
Let us assume, for illustration, that a case has arisen under See. 25 of the act of 1890; that the heirs had failed to give the indicated notice to the assessor of the death of the taxpayer, even then, would not more regular proceedings require notice of sale to the legal representative or interested persons in the manner required?
Now that it has been provided that certain assessments may be legal and binding in default of notice by the heirs or interested parties it may well be that a presumption of regularity will arise from the mere fact that the assessment has been made, which was followed by a sale. Even then it would be advisable always to give a regular notice of sale in the manner required, and to make note of the fact in the deed in order that it may have full effect as a deed prima facie legal.
Here the case is stronger; the assessment was defective and did not give rise to presumptions which usually arise from acts on their face regular.
It does not seem to be consistent with principle in one breath to-give such importance to notice of sale, and in the next to assume, upon the merest presumption that notice has been given, although! nothing indicates (in this case) by reference to the papers, or to-memorandum even, that it has been given. Considered from every point of view we have found it utterly impossible to conclude that title passed upon the assessment of a dead man’s property made more than ten years after his death, followed by a sale, without proof of notice io the heirs or legal representatives of the succession or interested parties.
A want of notice required by the Constitution is not curable hy statute. Desty on Taxation, Vol. II, p. 619.
Although every reasonable intendment should be taken in favor of regularity in the absence of proof of notice, as before mentioned it can not well be presumed notice has been given.
*1450 “ Unless the language of a curative act is clear and unambiguous, courts will not give it a retrospective action.” Desty on Taxation, p. 618.
Notice is jurisdictional. Tt is not within the power of the Legislature to dispense with notice required by the Constitution, nor to cure its absence. Blackwell on Tax Titles, Sec. 75.
“ No doubt it has been decided that statutes which make a tax sale deed prima facie evidence of the regularity of the sale do not relieve a purchaser from the burden of showing proceedings anterior and necessary to the power. De Treville vs. Smalls, 98 U. S. 522. Such a provision has been held to relate only to the conduct of the sale itself. Ib.
Relative to the forfeiture under the act of 1869, which the defendant claimed enured to the benefit of his title, the assessment upon which the forfeiture was based did not contain a description of the property such as needful for its identification. An assessment is void which does not at all contain a description whereby it is possible to identify the property. The numbers of squares are given without boundaries of the property, or where there was any attempt made to set forth the boundaries the attempt came to an end after stating only one of the boundaries.
Moreover, the records are too incomplete to show forfeiture; the present auditor of the State certifies to their incompleteness in such terms as to render it exceedingly doubtful if ever an attempt was made to carry the incompletely described lands as forfeited lands. Again, the certificate of the recorder of mortgage, in whose possession an auditor’s certificate roll of 1869 was, shows that it was only •filed in the auditor’s office after the act of 1869 had been repealed by the revenue act of 1870, in which different provisions for forfeiture were set forth.
And, lastly, it appears that the taxpayer paid the taxes of 1870, rendering it inconsistent with the theory that the State authorities would have permitted him to pay taxes without receiving payment of prior taxes of 1869 then due. As to square No. 240 claimed under a judgment rendered for taxes alleged due, the basis of the claim is the following assessment:
“ No. 240, Francois Lacroix, ten thousand dollars.”
The description is too vague and indefinite to be taken as the basis of a tax title.
*1451 Lastly, the payment of one hundred dollars to the administrator for a ratification of the invalid sale of real estate could not have the effect of binding the creditors and heirs who did not give assent to any such ratification.
The amount allowed on the reconventional demand has every appearance of being correct. It could not be increased without more satisfactory evidence that the amount claimed had been paid by the defendant. On the other hand, it should not be lessened at the instance of plaintiff, who did not show, as he contended, that it was paid in depreciated paper.
It is therefore ordered and adjudged that the judgment is affirmed.