## No. 14,260.

STATE *ex rel.* WALTER TEAGUE VS. HON. BEN P. EDWARDS, JUDGE THIRD JUDICIAL DISTRICT COURT.

### SYLLABUS.

The statute clearly provides that no one shall be prosecuted for any fine unless the prosecution be instituted *within six months* of the time of incurring such fine, and does not admit of a delay within which to institute proceedings, as in case in which one is prosecuted for an offense barred by the prescription of twelve months from the time the crime is made known to an officer having authority to direct the prosecution.

The recovery of the fine is *absolutely* prescribed in six months from the time the fine was incurred and is not negatived by the averment in the information that it was filed within six months after the commission of the act was made known to an officer authorized to prosecute.

A PPLICATION for Writs of Prohibition and *Certiorari*.

*Richardson & Richardson,* for Relator.

*Walter Guion,* Attorney-General, and *John C. Theus,* District Attorney, (*Lewis Guion,* of Counsel), for Respondent.

The opinion of the court was delivered by

BREAUX, J. Relator contending that the prescription of six months bars a prosecution for a fine absolutely, asks that the Judge of the District Court be prohibited from enforcing the judgment of the court

against the relator, and he further asks to be discharged, and that his bond be cancelled.

The facts are these: A charge was preferred against the relator, Teague, by information of the District Attorney, for retailing intoxicants without a license. The information was filed on the 2nd of December, 1901; on the day that the information was filed the defendant, relator here, was tried and convicted. He then applied for a new trial which was not granted. He was condemned to pay a fine of one hundred dollars and costs, or to work the public works. Not having the right of appeal he sues for the interposition of this court's authority in his behalf, under its supervisory jurisdiction.

The Judge of the District Court in his answer to the preliminary order issued, states that the bill of information contained the averments, viz.: that the offence charged was not within the period fixed by the statute, made known to an officer authorized to direct a prosecution; and he adds, that, the defendant, relator here, offered no evidence whatever to traverse this allegation. More than eight months had intervened between the day the act was charged to have been committed and the day that the information was filed.

Defendant's and relator's contention is that under R. S. 986 there are two terms of prescription; that the first term, the *twelve* months' prescription can be *negatived,* but that it is different as to the *six months* term of prescription, for the reason that the statute contains special provision applying to the first, and not to the second or six months term of prescription.

We are called upon to determine whether the District Judge erred in overruling the plea of prescription invoked by the defendant.

We think that the plea should have been sustained. The statute of 1855, Number 121, embodied as to prescription in Article 986, of the Revised Statutes, provides, that, prosecutions are to be brought within one year after the offence has come to the knowledge of a public officer; murder, arson, robbery, forgery and counterfeiting excepted.

This provision is in itself complete. It applies to all offenses barred by the prescription of twelve months. Immediately after, in another and complete sentence of the section of the statute, it provides, viz.:

"Nor shall any person be prosecuted for any fine or forfeiture unless the prosecution be instituted within six months from the time of incurring such fine or forfeiture."

This is an action for the recovery of a fine and six months governs the prescription. We have searched in vain for a provision of law which would justify the conclusion that the words, "Within one year next after the offense shall have been made known to a public officer" bears application to the prescriptoin of six months. The language of the statute is plain enough as related to fines and forfeitures, that is, that they are barred by prescription of *six months from the time of incurring such fine or forfeitures.*

We have carefully examined the articles of the Revised Statutes and the amendments made by Statute 50 of 1894, and noted the repetition in each of the special provisions relative to prescritpion without any changes as related to the prescription of six months.

The words of the statute, viz.: "Nothing herein contained shall extend to any person absconding or fleeing from justice" evidently refers to both classes of crime; that embraced within the twelve months' prescription and that embraced within the six months' prescription, for it is inserted after and follows both. But it is different as relates to the prescription of twelve months; the provision precedes the limitation applying to fines and forfeitures and under no rule of construction the words referring to the former crimes subject to the "Twelve months prescription from the date of the offense was made known to an officer" can be held as applying to the provision following limiting the time as relates to fine or forfeiture to six months. Antecedents are not to be extended to what follows unless clearly so intended. Gast vs. Assessors *et al.,* 43rd Ann. 1104.

We can conceive of no good reason why the language of the section just referred to must be taken and construed in connection with the language of the section just preceding in which it is announced that prescription does not run until the commission of the offense has been made known to an officer having the power to direct an investigation and prosecution. That construction would be in direct opposition to the positive terms limiting the time to six months when a fine has been imposed or a forfeiture decreed.

We are not of the opinion that the prescription can be negatived by averments which, in words not to be misunderstood, apply only to crimes and offenses prescribed by twelve months from the time before mentioned. We would not be warranted in holding that a rule applying to the prescriptive period of twelve months applies to the prescriptive

period of six months as well. One, by the language of the law is placed on a different footing from the other, for, we presume, sufficient reasons. The latter is of a less serious nature and the law-making power may have intended, not to subject it to delays as relates to the possibility of prosecution, but to make it subject to prescription to be computed, as to time, from the day the act charged was committed.

These being our views, it only remains for us to make the writs of prohibition and *certiorari* perpetual, sustain the plea of prescription of six months as barring all proceedings against defendant, set aside the verdict and sentence; order the accused to be released and his bond cancelled, and it is accordingly so ordered, adjudged and decreed.