(36 South. 129.)

No. 14,925.

BOAGNI v. PACIFIC IMP. CO.

(Feb. 29, 1904.)

TAX SALE—VALIDITY—PRESCRIPTION—ASSESS-
MENT—POSSESSION—PRESUMPTIONS—IN-
NOCENT THIRD PARTY.

1. A tax sale of property in the year 1869, under which the buyer never claimed possession, paid no taxes since, and laid no claim to the property prior to the year 1902, is null, because of illegalities shown in defense, against plaintiff's petition to be recognized as owner.

(a) The taxes for which the property was sold were assessed in the years 1854 and 1855.

The lien and privilege were prescribed as against an innocent third person, who had become the owner after the assessment and prior to the sale. Section 43, Act No. 346, p. 512, of 1855.

(b) The property was not assessed in the name of the owner. The court infers from the testimony that the owner was dead, in whose name the property was assessed.

2. The plaintiff not having gone into possession, and the defendant having shown possession at one time in the history of the title, the presumption is that that possession continued in defendant or its authors to date of suit.

3. The land is low, wet, and wild land, not inclosed, and, as a body, unfit for cultivation.

Many years ago the owner of the title now in defendant had the land surveyed, established the boundaries, cut firewood thereon, and warned trespassers not to commit further trespass. He exercised the right of an owner in possession.

4. The chain of defendant's title goes back to 1806. The first act was *sous seing prive*, and originally not binding on third persons.

Subsequent acts had the effect of recognizing the first act.

5. The second act of transfer was in notarial form. The heirs declared in the act that they were the heirs of the original owners. The declaration is not sustained by proof aliunde.

The many years that have elapsed must give rise to some presumption that the declaration of these heirs is in accordance with the facts.

6. Over 10 years prior to suit, the defendant's author held under title translative of property.

The law has given to the purchaser in good faith the benefit of the prescription of 10 years.

7. The defendant and its authors had possession and title, and were in a position to plead defenses other than those growing out of "dual assessment" and "payment," laid down in the Constitution of 1898.

8. An innocent third person acquires title adversely to plaintiff prior to the date of the last Constitution.

9. The alleged title of plaintiff falls within the class of titles of "those who buy property which is in the possession of the tax debtor, and make no effort to dispossess the debtor; on the contrary, by silence enable the owner to acquire legal title. Cooley on Taxation (2d Ed.) p. 551; Ashley Co. v. Bradford, 109 La. 641, 33 South. 634.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Wiliam Joel Sandoz, Judge ad hoc.

Action by Joseph M. Boagni against the Pacific Improvement Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Lewis & Lewis, for appellant. Kenneth Baillio and Gilbert L. Dupre, for appellee.

BREAUX, J. The plaintiff seeks to confirm his title acquired at tax sale, and, to that end, he invokes the aid of Act No. 101, p. 127, of 1898, enacted under article 233 of the Constitution.

His petition is complete, as it contains a description of the property mentioned; it avers that the sale was made by the tax collector of St. Landry parish on the 6th day of December, 1869; and it alleges that the property was adjudicated to the late Dr. Boagni, his father, and states that the deed of sale was duly recorded; and petitioner further claims that his title has been quieted and confirmed by the provisions of article 233 of the Constitution.

The tax title remained in the name of Dr. Boagni to the date of his death, in 1898, at which time it passed to his heirs, by whom in the year 1901 it was sold to their coheir, the plaintiff, for the sum of $10, without warranty.

The defendant answered by a general denial, and, in addition, attacked the tax sale on the ground of its nullity.

The defendant's contention specially is that these taxes were prescribed at the date of the sale in question, to wit, on November 6, 1869. The taxes for which the property was sold were the taxes of 1854 and 1855.

The further contention of the defendant is that John Campbell, named as the tax debtor in the deed, died many years prior to the 6th day of November, 1869, and, further, that the assessment years prior was null because the property was not owned at the time by John Campbell, but that it was owned by Elizabeth Lenear by recorded title. The defendant's pleadings challenged plain-

tiff to prove that he or his author were ever in possession of the land, or that either plaintiff or any of his authors ever paid any taxes thereon.

The defendant claimed that its ownership and possession began in 1806.

The following is defendant's title, as claimed:

(1) Elizabeth Lenear from John Campbell, April 24, 1806.

(2) Jean Bte. Garrand from Rebecca Campbell and others, December 4, 1860.

(3) Andre Z. Vidrine from Jean Bte. Garrand, July 9, 1864.

(4) Ermogene Guillory from Andre Z. Vidrine, December 14, 1885.

(5) Gustave E. Fontenot from Ermogene Guillory, September 10, 1892.

(6) Danna A. Rose from Gustave E. Fontenot, September 24, 1892.

The defendant, in support of the validity of these sales, which have been timely recorded, pleads the prescription of 10 and 30 years.

The defendant asked of the court to reject plaintiff's demand.

After the defendant had pleaded as just stated, plaintiff supplemented his original petition by pleading the prescription sanctioned, as he contends, by the statute cited infra; that is, the prescription of 10 days.

Plaintiff further, in this supplemental petition, averred that, in cases like the instant one, the defendant is required, under Act No. 101, p. 127, of 1898, to institute an action of nullity within the prescriptive period before mentioned, or to join issue with plaintiff, if he sued, and allege nullity of plaintiff's title, and pray for a judgment annulling it; and plaintiff further stated, in substance, that defendant's answer was not filed until months had elapsed after service of his petition, and that, in consequence, defendant is barred from assailing plaintiff's title.

We would be more sure of the validity of plaintiff's title, if he had, or his ancestors in title had, sought within reasonable time after the date of their purchase, in 1869, to exercise the right he now claims.

Prior to the filing of this suit, years and years elapsed, and not once did plaintiff, or those who preceded him as owners under the tax deed in question, actively assert any title to the land.

The late Dr. Boagni, father of plaintiff, who was a careful and methodical business man, does not seem to have considered this property part of his property, or, at any rate, it was nowhere noted by him as his, as was the case in regard to his other property. During all the years that elapsed, so little was thought of this title, that the land was never assessed in the name of the buyer at tax sale, and it follows that no taxes were paid thereon by him. A tax title not followed by possession—that is, followed by many years' failure of the buyer at tax sale to pay his taxes—does not commend itself. Slattery et al. v. Heilperin & Leonard, 110 La. 86, 34 South. 139.

Plaintiff never went into actual possession of the land, and never sought to exercise the right of an owner.

Plaintiff's contention primarily is that by his tax title he had obtained civil possession of the land, which is superior, as he argues, to any civil right claimed by defendant.

One of the effects of said civil possession of plaintiff would be, if considered in connection with his construction of the statute cited above, that he (plaintiff) would become defendant in a petitory action (standing on his civil possession only); and upon defendant the Pacific Company, it would devolve to sustain its title adversely to plaintiff. In other words, it would have the onus of pleading and of proof at this time.

We do not think the statute justifies plaintiff's construction, which is as just stated.

The civil possession he claims under his tax deed confers upon him no right to stand on the defensive, as a defendant in a petitory action.

For the purpose of illustration, we will state that if he were in actual, corporeal possession of the property by virtue of his tax title, or if defendant had been, at the time the suit was brought, only in civil possession, and the issues reduced to payment vel non, or double assessment vel non, then it would devolve upon the person claiming the title and civil possession in opposition to the tax title to take the initiative in pleading.

But this is not the case here. Plaintiff holds a tax deed bearing the date before mentioned. He has never been in possession of the property, and has merely accepted and recorded the tax collector's title, without, for

these many years, making the least attempt to go into possession.

In such a case the owner in possession, in our view, is not compelled to institute a direct action of nullity to set aside a paper tax deed.

In answer to a suit on such a deed, he may, as was done in this instance, allege the nullities and plead prescription. In other words, defendant may defer acting, and wait until an action is brought against him, and then file his defense, which may go no further than, as was done in this case, to set forth his defense in his petition, and ask that plaintiff's demand be rejected, and his suit dismissed.

We cannot imagine that in such a case any further steps need be taken.

Although defendant pleaded as just stated, plaintiff's contention is that it was not enough; that defendant should have, in addition, specially prayed to have his deed decreed a nullity; and that, not having thus prayed, plaintiff is entitled, under Act No. 101, p. 127, of 1898, to a judgment "quieting and confirming the title"—language of Act No. 101.

This is not the statutory requirement in this instance, for it surely never was intended to give such an effect to tax deeds that are hoary with age, and do not appear ever to have had any vitality.

In the order of issues, we are brought to the consideration of plaintiff's plea based on the statute of limitation, viz., 10 days, within which plaintiff urges that, under the statute, suit should have been brought by defendant. This was not the view expressed by this court in Ashley v. Bradford, 109 La. 642, 33 South. 634, in treating of valid tax titles.

The court held that the "ordinary rule of practice should obtain, at least with regard to the delay to answer given by the third section of the act; that is to say, the defendant may withhold his answer until the default is regularly taken."

If in the cited case a defendant may withhold his answer until the default is regularly taken, a defendant, when the tax title is without validity, is still in time, prior to confirmation of default, to answer and set up the nullity of the title. The court has heretofore assimilated these suits to the ordinary suit.

The law has for purpose to enable tax purchasers to perfect title. It does not include within its scope provision to enable tax buyers to perfect titles which are no longer valid, and which they have always neglected for years. When suit is brought on the latter title, it does not fall within the short—very short—prescriptive period laid down in the cited statute supra.

The statute does not preclude attack upon such a title as the one now before us for consideration.

We leave the subject of prescription to take up and consider specially the causes which render the tax deed of plaintiff invalid.

The property was assessed in 1854 and 1855 in the name of John Campbell, although he had parted with his title to the land in 1806.

We have every reason to infer that Campbell was not among the living when this assessment was made, and in consequence the title fell within the rule laid down in the following decisions, which a defendant in actual possession, and who has been a mere possessor more than 10 years, has the right to invoke (that is, when property is assessed in the name of a dead man): Stafford, Executor, v. Twichell et al., 33 La. Ann. 520; Jackson v. Wren, 36 La. Ann. 315; Kearns, Curator, v. Collins, 40 La. Ann. 453, 4 South. 498; Edwards et al. v. Fairex, 47 La. Ann. 170, 16 South. 736; Walsh et al. v. Harang and Husband, 48 La. Ann. 984, 20 South. 202; Cucullu v. Lumber Company et al., 49 La. Ann. 1445, 22 South. 409; Kohlman et al. v. Glaudi, 52 La. Ann. 700, 27 South. 116.

Plaintiff has a dead title, which is beyond the period of the three-years prescription to revive against an owner in possession over 10 years, with a title translative of the property. Moreover the taxes were prescribed. Years elapsed between the assessment and the tax sale.

We have seen that the assessment was for the years 1854 and 1855, and the property was sold only in 1869.

No one disputes that the state may adopt such statute of prescription as she, through her lawmaking power, may deem proper.

An act to provide a revenue (No. 346, p. 512, of the session of 1855), in its forty-third section, limited the life of the tax privilege and lien in favor of the state and parish to two years.

In the year 1869 the tax deed could have but little effect against the owner of the property, who was not the tax debtor at that date.

The state after that remained with a personal claim, which was not sufficient to give validity to a deed illegally based on a tax lien and privilege.

It does not appear that this personal indebtedness was one for which the owner in 1869, who was a different person from the owner in 1854 and 1855, could be held.

Before leaving this branch of the case, we must state that it is evident that great importance is given by the lawmaker to possession, and, as relates to any title, it looks to possession as an element of great value. Possession as a right, in matter of tax title, received consideration in several cases interpreting laws relating to the subject of possession. Civ. Code, § 3487; Civ. Code, § 3479; Breaux v. Negrotto, Jr., 43 La. Ann. 426, 9 South. 502; Gauthier v. Cason et al., 107 La. 52, 31 South. 386; State ex rel. Teague v. Judge, 107 La. 49, 31 South. 381; Slattery et al. v. Heilperin & Leonard, 110 La. 86, 34 South. 139.

We quote one of the last utterances of this court upon the subject:

"Where the original owner remains in the actual possession of the property, such possession is in continuous conflict with the claim arising under the tax title, and continuous protest against the same; and to hold, under such circumstances, that any prescription operating as a statute of repose runs in favor of the tax title, out of possession, would indeed amount to a denial of substantial rights, and a taking of property without due process of law."

The views before expressed by us in this case are based upon the theory that defendant has possession of property, and a title thereto upon which he stands.

As relates to possession, we will add, its exercise in this case, as in case of cultivated lands, would have been very difficult. The testimony discloses that it was low, wet land, nearly covered with trees, with a few short strips of ground of a level surface, not quite as low as the large tracts adjacent. There is some question as to whether it was habitable at all. It was low woodland, uncleared, and not inclosed.

None the less, it sufficiently appears that defendant went into possession of this land, and that the title and actual possession of defendant precluded the plaintiff from acquiring any right under plaintiff's asserted civil possession.

One of the defendant's ancestors in title, the testimony discloses, went into possession. At any rate, about the year 1890 a survey was made by the parish surveyor, for Ermogene Guillory, owner with title of record.

The surveyor said regarding this survey:

"I surveyed that tract at two different times, and showed him the line of it. It must have been from 1889 to 1890, as well as I can guess. He was present on both occasions."

It further appears that this owner exerted himself to prevent trespass upon the land.

That which is essential for actual possession changes with the nature of the property. It is different when it relates to one kind, from what it is when it relates to another.

Fields are taken possession of by cultivating them and gathering their fruits. The cultivation of flowers on a solitary hill which stands up or rises out of a plain may go far toward sustaining claim to the adjacent plain. Possession of low lands not fit for cultivation may be secured by establishing their boundaries, and seeking to protect the birds that meet and abide thereon, or the fish in their water, or by cutting thereon firewood, or any other active steps to the end of securing possession.

The issue of possession was carefully considered in Handlin v. Lumber Co., 47 La. Ann. 405, 16 South. 955.

Judged by the principles of that decision, the defendant here did go into possession. The presumption arises that he remained in possession. There is no evidence of record showing its abandonment at any time.

Complaint is urged by plaintiff against the title claimed by defendant.

The first deed in the chain of defendant's title cannot be considered as an authentic act. It was signed by the parish judge and

the vendor, and not by witnesses. It is an act sous seing prive, duly recorded.

The second deed, signed years afterward, is in due form. It is signed, as vendors, by the heirs of John Campbell's vendee, who declared that they are the children of Campbell and Elizabeth Lenear. One of the heirs signed as agent of her coheir. There is no evidence to prove this agency. The declaration of itself does not constitute proof of heirship or agency.

But presumption arises from lapse of time. The unquestioned declaration after these many years has appearance of truth.

Nothing shows that it is untrue. Moreover, defendant's title is made legal by the prescription of 10 years.

The law has given to the purchaser in good faith the benefit of the prescription of 10 years.

The law and the evidence being with defendant, the judgment is affirmed.