January 11, 1909.

————o————

No. 4598.

Court of Appeal, Parish of Orleans.

## VACANT ESTATE OF CHAS. PENEAU DE FONTERMAN VS. JOHN F. LINDNER.

1. The claim of constructive possession resulting from the registry of a tax deed cannot prevail when it appears that some other person had physical possession of the property.

2. Although, since 1890, an assessment in the name of one not the owner is sufficient to support a valid tax sale, yet, the notice of sale must

be served on the owner of record in the manner required by law.

Appeal from Civil District Court, Division "E."

E. T. Florance, for Plaintiff and Appellee.

Theo. Cotonio, for Defendant and Appellant.

DUFOUR, J. The Public Administrator, curator of this estate, brough suit against defendant to cancel an inscription in the latter's name of a deed to certain real estate.

The property which was acquired by Fonterman in 1831 and which the records show has never been alienated is described as follows:

"Lots 9 and 10 in square 64, Third District of New Orleans, bounded by Celestine, Genius, Frenchmen and Elysian Fields Streets, each lot measures 30 feet *front* on *Genius Street;* Lot No. 9 lying at a distance of 110 feet from Frenchmen Street, and Lot 10 lying at a distance of 120 teet from Elysian Fields Street."

Defendant's chain of title is set forth as follows in his brief:

"These lots were adjudicated to the State of Louisiana as belonging to an unknown owner, and the State of Louisiana sold them, with other lots, to Alfred E. Ringe, under Act 82 of 1884.

"These two lots were assessed to Alfred E. Ringe for the years 1884 up to the year 1888, both inclusive.

"On July 31, 1889, Ringe sold the property by him acquired from the State of Louisiana to a Miss Delia B. Dooling, and the two lots in question were assessed in her name for the years 1889 up to 1897, both inclusive. Miss Dooling having married one Joseph Pompei, the assessment was continued in the name of Mrs. Joseph Pompei for the years 1898 up to the year 1902, both inclusive.

"Ringe or Mrs. Pompei paid taxes assessed against them except the year 1901, when the property was sold by the State to the defendant Lindner, for the taxes of the said year.

"Lindner confirmed his title by proceedings contradictorily with Mrs. Pompei, the owner of record.

"In this judgment Lindner was recognized as owner and

—91—

in possession of the two lots of ground, 11 and 12 in square No. 1025.

"The judgment has also been recognized as binding against Ringe, the author in title of Mrs. Pompei, by proceedings had in said suit No. 77,209, finally adjudicated upon by the Supreme Court on Monday, November 30, 1908. (Record No. 17,349 of the docket of the Supreme Court.)

"The property, since 1902, has been assessed to John F. Lindner and taxes paid by him."

Ringe's title to the property describes it as follows:

"Seven lots of ground with improvements thereon situated in the Third District of New Orleans in the square bounded by Frenchmen, Genius, Elysian Fields and Celestine Streets, designated as seven lots in Square 1025; said seven lots *front* on *Frenchmen* Street and form the corner of Frenchmen and Genius Streets."

When Ringe sold to Delia Dooling the following description was given:

"All and singular the following described properties, to-wit:

"3rd. Seven lots of ground with the improvements thereon, situated in the Third District of the City of New Orleans in the square bounded by Frenchmen, Genius, Elysian Fields and Celestine Streets, designated as seven lots in Square 1025. Said seven lots *front* on *Frenchmen* Street and form the corner of Frenchmen and Genius Streets.

"*Being the same property* which was acquired by the vendor as follows: * * * The property thirdly described being purchased from the State of Louisiana, "Unknown," to Alfred E. Ringe, Tax Sale by Act before P. Alphone Rabouin, Notary, on the 23rd of August, 1887."

It is clear that the various sales under which Lindner claims were, with the exception of the tax sale to him, of "seven lots fronting on Frenchmen Street," whereas the property in suit was "two lots fronting on Genius Street, now Grant Street," that the two descriptions are essentially different and that Ringe never acquired the last described property.

Defendant, to obviate this difficulty, pleads the prescription of ten and thirty years and the constitutional prescription of three years under Art. 233.

The first and second prescriptions invoked fail because Range's possession of the property was not under a title translative of the same, and he did not hold it for thirty years.

Ringe and Delia Dooling without title, had exclusive physical possession of the lots for more than ten years. They fenced and used it for truck farming.

Hence, it was not vacant and unimproved property and such occupation excluded constructive possession in any one else resulting from the registry of the tax deed.

The sale to Lindner was under the assessment in the name of Mrs. Pompei who was not the owner of record.

Although, since 1890, an assessment in the name of one not the owner is sufficient to support a valid tax sale, yet, the notice of sale should be served on the owner of record. In this instance, the notice was served on the party assessed. 107 La. 306, 117 La. 735.

The judgment in confirmation of title is for the same reason not binding on the owner of record, who was not made o party to the proceedings.

The judgment ordering the cancellation of defendant's deed is correct but we see no good reason for allowing damages.

The judgment is amended by rejecting the demand of $100 as damages, and reserving defendant's right to demand and receive before execution of this judgment, the price, taxes, costs and interest as provided in Art. 233, Constitution of 1898, and as amended, the judgment be affirmed, defendant to pay costs of the lower court and plaintiff the costs of appeal.

January 11, 1909.

Rehearing refused January 25, 1909.

Writ refused by Supreme Court March 5, 1909.