appear on appeal to urge error in the judgment of the district court.

It only remains for us to affirm the judgment of the district court.

It is affirmed.

PROVOSTY, J., takes no part, not having heard the argument.

---

(48 South. 880.)

No. 17,479.

STATE v. RICHARD.

In re RICHARD.

(March 15, 1909.)

CRIMINAL LAW (§ 147*)—PRESCRIPTION—SALE OF LIQUORS.

Under the amendment to section 910 of the Revised Statutes through Act No. 66, p. 93, of 1902, the offenses covered by that section were taken out of the class of offenses punishable by a fine alone, making them punishable by fine and imprisonment, and, quoad matters of prescription, governed by the provisions of section 986, Rev. St.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 271; Dec. Dig. § 147.*]

(Syllabus by the Court.)

Honore Richard was convicted of an illegal sale of intoxicating liquors, and applies for writs of certiorari and prohibition. Denied.

Taylor & Gremillion, for relator. Respondent Judge, pro se. John Joseph Robira, Dist. Atty., for respondent.

NICHOLLS, J. The relator, Honore Richard, was tried before the district court for Acadia parish upon an information which charged him with having, on or about the 1st day of February, 1908, sold spirituous and intoxicating liquors, to wit, whisky, without a license. He was found guilty, and sentenced to pay a fine of $100 and all costs of prosecution, and to be incarcerated in the parish jail of Acadia parish for the space of 15 days, and in default of the payment of said fine and the costs that he be incarcerated in the parish jail of Acadia parish for 4 months. The information on which defendant was tried, convicted, and sentenced was filed on January 28, 1909, more than 6 months after the act charged was alleged to have been committed. Just before the trial was entered upon the defendant moved to quash the information, upon the ground that more than 6 months had elapsed, as provided by section 986 of the Revised Statutes, since the offense was charged to have been committed February 1, 1908, and the prosecution was barred by the prescription of 6 months, which prescription he specially pleaded. The motion was overruled, and the defendant filed a bill of exception. The trial of the case was proceeded with, with the result above stated. Thereafter he moved in arrest of judgment upon the same ground that he had moved to quash the information. That motion was also overruled.

The information recited that:

"The said offense was not made known to any officer with authority to prosecute within the year, but had just been made known."

The case not being appealable, relator has had recourse to our supervisory jurisdiction. applying for relief through writs of certiorari and prohibition. He urges before the court that the prosecution is absolutely barred by the prescription of six months, and is not saved by the recital that the commission of the offense was not made known to any officer authorized to prosecute within one year from its commission, but had just come to the knowledge of the state authorities. He relies, evidently, upon State ex rel. Teague v. Edwards, Judge, 107 La. 49, 31 South. 381, where that doctrine was announced by this court.

The legislation of the state has, however, been changed in the meantime. Relator in that case was prosecuted under section 910 of the Revised Statutes, prior to the amend-

ment made to section 910 by Act No. 66, p. 93, of 1902, which from that time made the offense punishable, not only by a fine, but by a fine and imprisonment, and placing them under the general law relative to the prescription of offenses governed by section 986 of the Revised Statutes. Under this alteration in the statutes, State ex rel. Teague v. Judge, 107 La. 49, 31 South. 381, cannot be invoked as a precedent.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the order heretofore made in this matter be set aside, and relator's demand be rejected, with costs.