ELLIS, Judge.
This suit was brought by the children and heirs of Rebecca Wright McDonald seeking to recover an undivided two-sixths interest in a forty acre tract of land located in Allen Parish, described as the west half of the west half of the southwest quarter of Section 9, Township 4 South of Range 5 West, Louisiana Meridian.
The petition alleges that neither the plaintiffs nor the defendant, nor any one else, is in actual possession of the land and that they wish the title adjudicated under the provisions of Act 38 of 1908, Article 74.1 of Dart’s Code of Practice, now LSA-R.S. 13:5062.
The petition pleads alternatively that if plaintiffs are not entitled to proceed under the provisions of Act 38 of 1908 they are entitled under allegations set forth to a petitory action based upon title alleged in the petition.
An exception of no cause or right of action (which is not being urged on appeal) prefaced an answer wherein the defendant denied plaintiffs own any interest in the land; denied the heirship of plaintiffs and set up that defendant claimed title by virtue of its purchase on or about April 7, 1928 in the matter of the Tutorship of Bu *860 ford Walker No. 449 on the Docket of the 14th Judicial District Court, Parish of Allen. Further answering defendant plead that it and its authors in title have been in actual, physical and corporeal possession of the land since October 5, 1912, and that since its purchase on April 7, 1928 at judicial sale it had exercised and is now exercising such acts of physical possession in and on the property as the nature and character of the land would permit and for the purposes for which it was acquired by the defendant. Special pleas of prescription of 30 and 10 years acquirenda causa were made.
The lower Court with written reasons sustained the plea of prescription of 10 years and dismissed plaintiffs’ suit.
From this judgment the plaintiffs have devolutively appealed.
The prescription of 10 years is based upon the purchase of the land on April 7, 1928 by the defendant through a deed executed by Mrs. Mattie Walker, Dative Testamentary Tutrix of the minors, Buford S. Walker et al.
This type of prescription is discussed in 'Article 3479 of the Civil Code where the conditions necessary for one to acquire ownership of immovables by 10 years prescription are set forth. First, there must be good faith on the part of the possessor; second, there must be a title which would be legal and sufficient to transfer the property; third, there must be possession for the requisite length of time, and this possession must be accompanied by certain instances; fourth, the object must be one which may be acquired by prescription.
The defendant acquired the property in good faith by purchase at a public sale after due advertisement in accordance with law and bid it in according to the p-roces verbal in the tutorship proceedings. The purchase price was paid in cash and the instrument executed was a deed legal and sufficient to transfer the property. The real estate involved was subject to being acquired by prescription. The only question presented upon this plea is the type of possession exercised by the defendant over the property.
The real estate was purchased in 1928, more than 20 years prior to the filing of this suit. The land is open timber land, partly cut-over. Very shortly after the purchase the evidence discloses the defendant had the property surveyed, marked the lines,, cut timber during the year 1931 and agents of the defendant have been on the property regularly to prevent trespass and otherwise attend to the property. Inspections were regularly made. Taxes were paid on the land since 1928. In 1928, shortly after the purchase, the defendant sold the improvements on the property and reblazed the surveyed lines. Meanwhile, for a period of nearly 40 years the plaintiffs have done nothing to assert any interest in the property and they do not claim to be in possession.
The type of possession necessary to support the plea of 10 years prescription is discussed at length in the case of Veltin v. Haas, 207 La. 650, 21 So.2d 862, 870, where-numerous authorities are cited, and the Haas case is mentioned again in Haas v. Dezauche, 214 La. 259, 37 So.2d 441.
Among the authorities cited in the-Veltin case are: Giddens v. Mobley, 37 La.Ann. 417. “If actual corporeal possession of wild timbered land in unreclaimed forest be necessary in order to enable one to-acquire it by prescription, then it could' never be so acquired unless we should invent some symbolic ceremony such as livery of seizin at common law.”
Chamberlain v. Abadie, 48 La.Ann. 587, 19 So. 574, 575. “The corporeal possession necessary to support the prescription is governed by the use for which the land is destined. If it is for pasturage, the grazing of cattle upon it is an act of corporeal possession. From its nature, it may prohibit an actual residence or cultivation. Timbered land may be inclosed, trees cut, roads run through it, and many other similar acts to show the intention to subject it to one’s dominion.” (Italics ours.)
Boagni v. Pacific Imp. Co., 111 La. 1063, 36 So. 129, 132. This case shows the essentials for possession change with the nature of the property. “Possession of low *861 lands not fit for cultivation may be secured by establishing their boundaries * * *
Long v. Chailan, 196 La. 380, 199 So. 222, 226. “The cutting and removing of timber from open swamp land is a sufficient character of possession to support the prescription of ten years if the operations are carried on frequently and for a considerable length of time and are accompanied by public signs showing an intention to possess the land, such as constructing and maintaining roads and other works, and paying the taxes on the land.”
Under the Veltin and Haas cases and the. authorities cited therein we are of the opinion the defendant soon after its purchase on April 7, 1928 actually took possession of the land in question as owner, in good faith and under a deed translative of property and that its possession continued to be open and uninterrupted for more than 10 years thereafter, and for these reasons we are of the opinion that the plea of 10 years’ prescription acqui-renda causa should be sustained and is well founded. It is unnecessary to discuss the other issues raised by the parties, and therefore it is ordered that the judgment of the lower Court be and the same is hereby affirmed.